UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Wilmer A.-A., | File No. 26-cv-1660 (ECT/DLM) |
| Petitioner, | |
| v. | **ORDER** |
| Pamela Bondi, *Attorney General, United States Department of Justice*; Kristi Noem, *Secretary, U.S. Department of Homeland Security*; and Todd M. Lyons, *Acting Director of Immigration and Customs Enforcement*, | |
| Respondents. | |

---

Petitioner Wilmer A.-A. is a citizen of Ecuador who was detained in Minnesota by "multiple armed men wearing masks and tactical vests" who were "believed to be [Immigration and Customs Enforcement] agents" on January 5, 2026. Pet. [ECF No. 1] ¶ 4. Wilmer filed a Verified Petition for Writ of Habeas Corpus on February 26, 2026, seeking release, or in the alternative, a bond hearing. *See* Pet. At the time Wilmer's Petition was filed, he was detained in Texas, where he "has since been moved from facility to facility." *See* Pet. ¶¶ 5, 14, 32; *see also* ECF No. 4 at 1, 3 (stating that "[a]t time of filing, ICE's online detainee locator system lists Petitioner's current detention facility as Port Isabel Service Detention Center in Los Fresnos, Texas").

"[F]or core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). "An exception is recognized, however, where the petitioner's location is

unknown at the time of filing—such as when the petitioner is in transit—or where immigration authorities have not disclosed where the petitioner is being detained or by whom, and circumstances have prevented or precluded contact with counsel." *Adriana M.Y.M. v. Easterwood*, No. 26-cv-213 (JWB/JFD), 2026 WL 184721, at *2 (D. Minn. Jan. 24, 2026); *accord* Order at 1–2, *Fausto T. v. Bondi*, No. 26-cv-748 (PJS/EMB) (D. Minn. Jan. 28, 2026), ECF No. 3; Order at 2–3, *Angel A. v. Lyons*, No. 26-cv-777 (SRN/ECW) (D. Minn. Feb. 2, 2026), ECF No. 7.  This exception does not apply here.  It is undisputed that Wilmer was detained in Texas at the time he filed his Petition.  *See* Pet. ¶¶ 5, 14, 32; *see also* ECF No. 4 at 1, 3.  Accordingly, the Court lacks jurisdiction over Wilmer's Petition, and the Petition will be dismissed without prejudice to its re-filing in Wilmer's current district of confinement.  *See* ECF No. 4 at 4 (stating that "[s]hould the Court nevertheless conclude that it lacks jurisdiction over this matter, [Wilmer] respectfully requests that it dismiss this matter without prejudice for refiling").

Therefore, based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT** Petitioner Wilmer A.-A.'s Verified Petition for Writ of Habeas Corpus [ECF No. 1] is **DISMISSED WITHOUT PREJUDICE.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  March 2, 2026

s/ Eric C. Tostrud  
Eric C. Tostrud  
United States District Court